## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RED LAKE BAND OF CHIPPEWA INDIANS,** ) | |
| **a Federally recognized Indian tribe,** ) | |
| **Highway #1 East** ) | |
| **Red Lake Tribal Office Building** ) | |
| **Red Lake, MN 56671** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.** |
| **UNITED STATES OF AMERICA,** ) | **1:06CV01826 (CK-K)** |
| **Department of the Interior** ) | |
| **1849 C Street, NW** ) | |
| **Washington,  D.C. 20240** ) | |
| ) | |
| **and** ) | |
| ) | |
| **DIRK KEMPTHORNE, in his official capacity** ) | |
| **as Secretary,** ) | |
| **United States Department of the Interior** ) | |
| **1849 C Street, NW** ) | |
| **Washington, DC 20240** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>DEFENDANTS' ANSWER</u>

For its answer to the complaint, defendants admit, deny, and allege as follows:

The allegations contained in the first unnumbered paragraph constitute plaintiff's

characterization of this action, to which no response is required.

1.       Admit the allegation contained in paragraph 1 of the complaint that Red Lake

Band of Chippewa Indians, Minnesota is a Federally recognized tribe.  Deny the allegations

contained in paragraph 1 of the complaint regarding the election and operation of plaintiff's Tribal Council for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in paragraph 1 of the complaint concerning plaintiff's constitution constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied except to the extent supported by the constitution, which is the best evidence of its contents.  Upon information and belief, admit the allegation contained in paragraph 1 of the complaint concerning the location of plaintiff's headquarters.

2.    Admit.

3.    The allegations contained in paragraph 3 of the complaint constitute plaintiff's characterizations of this action and conclusions of law to which no response is required.

4.    The allegations contained in paragraph 4 of the complaint constitute plaintiff's characterizations of this action and conclusions of law to which no response is required.

5.    Admit.

6.    Admit the allegation contained in paragraph 6 of the complaint that Mr. Reinfeld is the Acting Director of the Office of Self-Governance (OSG), and has overall responsibility for carrying out the functions and duties of the OSG.  The remainder of the allegations contained in paragraph 6 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7.    The allegations contained in paragraph 7 of the complaint constitute plaintiff's conclusions of law and  characterizations of the two referenced documents to which no response

is required; to the extent the allegations may be deemed allegations of facts, they are denied except to the extent supported by the referenced documents, which are the best evidence of their contents.

8.    Deny.

9.    Deny the allegations contained in paragraph 9 of the complaint for lack of knowledge or information sufficient to form a belief as to their truth.

10.    Admit the allegations contained in paragraph 10 of the complaint to the extent supported by the referenced document, which is the best evidence of its contents.

11.    The allegations contained in paragraph 11 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced document, which is the best evidence of its contents.

12.    The allegations contained in paragraph 12 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced document, which is the best evidence of its contents.

13.    The allegations contained in paragraph 13 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact they are admitted to the extent supported by the referenced document, which is the best evidence of its contents.

14.    The allegations contained in paragraph 14 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent they may

be deemed allegations of fact, the allegations contained in the first sentence of paragraph 14 of the complaint are admitted to the extent supported by the referenced document, which is the best evidence of its contents, and the allegations contained in the second sentence of paragraph 14 of the complaint are denied except to the extent supported by the referenced document, which is the best evidence of its contents.

15.     The allegations contained in paragraph 15 of the complaint constitute plaintiff's characterizations of, and quotations from, the referenced document to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced document, which is the best evidence of its contents.

16.     Deny.

17.     Admit the allegation contained in paragraph 17 of the complaint that $180,239,000 was requested in the President's budget for FY 2005; deny the remaining allegation contained in paragraph 17 of the complaint concerning the amount appropriated.

18.     Admit the allegation contained in paragraph 18 of the complaint that $189,887,000 was requested in the President's budget for FY 2006; deny the remaining allegation contained in paragraph 18 of the complaint concerning the amount appropriated.

19.     Admit the allegation in paragraph 19 of the complaint that defendants annually request funds for law enforcement and juvenile detention related services, programs, and operation and maintenance of facilities; deny the allegation in paragraph 19 that defendants appropriate funds.  The final phrase contained in paragraph 19 of the complaint is too vague to formulate an accurate response and constitutes plaintiff's characterization to which no response is required; to the extent it may be deemed an allegation of fact, it is denied for lack of

-4-

knowledge or information sufficient to form a belief as to its truth.

20. Deny.

21. Deny.

22. Admit.

23. Deny.

24. The allegations contained in paragraph 24 of the complaint constitute plaintiff's conclusions of law and characterization of the budget process to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied except to the extent supported by the referenced document.

27. The allegations contained in paragraph 27 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied except to the extent supported by the referenced document.

28. The allegations contained in paragraph 28 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required.

29. Deny.

30.     The allegations contained in paragraph 30 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required.

31.     The allegations contained in paragraph 31 of the complaint constitute plaintiff's characterizations of the referenced document to which no response is required; to the extent the allegations may be deemed allegations of fact, they are admitted to the extent supported by the referenced document.

32.     The allegations contained in paragraph 32 of the complaint constitute plaintiff's characterizations of the referenced document to which no response is required; to the extent the allegations may be deemed allegations of fact, they are admitted to the extent supported by the referenced document.

33.     The allegations contained in paragraph 33 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required.

34.     Deny the allegation contained in paragraph 34 of the complaint concerning the date alleged for lack of knowledge or information sufficient to form a belief as to the truth of the date; admit the remainder of the allegations contained in paragraph 34 of the complaint.

35.     Admit.

36.     The allegation contained in paragraph 36 of the complaint is plaintiff's quotation from the referenced document to which no response is required; to the extent the allegation may be deemed an allegation of fact, it is admitted to the extent supported by the referenced document, which is the best evidence of its contents.

37.     Admit.

38.     The allegation contained in paragraph 38 of the complaint is plaintiff's quotation

from the referenced document to which no response is required; to the extent the allegation may

be deemed an allegation of fact, it is admitted to the extent supported by the referenced

document, which is the best evidence of its contents.

39.     Admit.

40.     The allegation contained in paragraph 40 of the complaint is plaintiff's quotation

from the referenced document to which no response is required; to the extent the allegation may

be deemed an allegation of fact, it is admitted to the extent supported by the referenced

document, which is the best evidence of its contents.

41.     The allegation contained in paragraph 41 of the complaint is plaintiff's quotation

from the referenced document to which no response is required; to the extent the allegation may

be deemed an allegation of fact, it is admitted to the extent supported by the referenced

document, which is the best evidence of its contents.

42.     The allegation contained in paragraph 42 of the complaint is plaintiff's quotation

from the referenced document to which no response is required; to the extent the allegation may

be deemed an allegation of fact, it is admitted to the extent supported by the referenced

document, which is the best evidence of its contents.

43.     Admit the allegations contained in paragraph 43 of the complaint and allege that

defendants also provided plaintiff $128,977 for past pay cost increase shortages.

44.     Deny the allegations contained in paragraph 44 of the complaint concerning

plaintiff's "information and belief" and any basis upon which plaintiff "estimates" or the

accuracy of any estimate for lack of knowledge or information sufficient to form a belief as to

the truth of the allegations; otherwise, deny the allegations contained in paragraph 44 of the

complaint.

45. Deny.

46. The allegation contained in paragraph 46 of the complaint is plaintiff's quotation from the referenced document to which no response is required; to the extent the allegation may be deemed an allegation of fact, it is admitted to the extent supported by the referenced document, which is the best evidence of its contents.

47. Admit.

48. Defendants' responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. The allegations contained in paragraph 49 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 of the complaint constitute plaintiff's characterization of the relief sought and are not allegations of fact to which any response is required; to the extent a response is required, deny that plaintiff is entitled to the relief requested or to any relief.

53.     Defendants' responses to paragraphs 1 through 52 of the complaint are incorporated by reference.

54.     The allegations contained in paragraph 54 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

55.     The allegations contained in paragraph 55 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

56.     The allegations contained in paragraph 56 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

57.     The allegations contained in paragraph 57 of the complaint constitute plaintiff's characterization of the relief sought and are not allegations of fact to which any response is required; to the extent a response is required, deny that plaintiff is entitled to the relief requested or to any relief.

58.     Defendants' responses to paragraphs 1 through 57 of the complaint are incorporated by reference.

59.     The allegations contained in paragraph 59 of the complaint constitute plaintiff's characterizations and  conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

60.     Admit.

61.     The allegations contained in paragraph 61 of the complaint constitute plaintiff's

characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

62.    The allegations contained in paragraph 62 of the complaint constitute plaintiff's characterization of the relief sought and are not allegations of fact to which any response is required; to the extent a response is required, deny that plaintiff is entitled to the relief requested or to any relief.

63.    Defendants' responses to paragraphs 1 through 62 of the complaint are incorporated by reference.

64.    The allegations contained in paragraph 64 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

65.    The allegations contained in paragraph 65 of the complaint constitute plaintiff's characterizations and conclusions of law to which no response is required; to the extent the allegations may be deemed allegations of fact, they are denied.

66.    The allegations contained in paragraph 66 of the complaint constitute plaintiff's characterization of the relief sought and are not allegations of fact to which any response is required; to the extent a response is required, deny that plaintiff is entitled to the relief requested or to any relief.

67.    Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 66 of the complaint, or to any relief whatsoever.

68.    Deny each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendants request the Court to enter judgment in favor of defendants, to order that the complaint be dismissed, and to grant defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General


s/s David M. Cohen
DAVID M. COHEN
Director, Commercial Litigation Branch


Of Counsel:

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar #498610
RUDOLPH CONTRERAS
D.C. Bar #434122
KEITH MORGAN
Deputy Chief, Civil
D.C. Bar#422655
Judiciary Center Building
555 Fourth St., N.W.
   Room E4224
Washington, D.C.   20530
(202) 307-0372.

January 23, 2007

s/s Jane W. Vanneman
JANE W. VANNEMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Room 12010
Washington, D.C.   20005
Telephone:  (202) 616-8283
Facsimile:  (202) 307-0972
email:  jane.vanneman@usdoj.gov