UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>    Defendants. )<br>)  | Civil Action No.<br>06-1826 (CKK) |

**JOINT STATEMENT ADDRESSING LCvR 16.3(C)**

Pursuant to this Court's Order for Initial Scheduling Conference dated March 21, 2007, and LCvR 16.3 and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel respectfully submit this Joint Statement addressing the topics listed in LCvR 16.3(c), as well as a brief statement of the case and the statutory basis for all causes of action and defenses.

1

## A. Brief Statement of the Case

Plaintiff Red Lake Band of Chippewa Indians ("Plaintiff" or the "Tribe") constructed a juvenile detention facility (the "Facility") in May of 2002, under a grant from the United States Department of Justice. Subsequently, the Tribe and the United States, through the Office of Self-Governance (the "OSG") and the Bureau of Indian Affairs (the "BIA") within the Department of the Interior (the "Department"), entered into the "Multi-Year Funding Agreement for 2005-2010 Between the Red Lake Band of Chippewa Indians and the United States of America" (the "Agreement") in the fall of 2004. This Agreement provided for the assumption by the Tribe of the administration of law enforcement, detention and other programs, functions, services, and activities funded by the BIA for the benefit of the Tribe and its members. In the 2005 Reprogramming Request under the Agreement, the BIA agreed to assist the Tribe in obtaining operational funding for the Facility and to request such funding in the next President's budget. The Tribe contends that the BIA failed to do so and that Defendants thereby breached the Agreement. The Tribe properly noticed and timely filed an administrative claim under the Contract Disputes Act, but upon unsatisfactory resolution of that claim, the Tribe filed this lawsuit.

Defendants deny Plaintiff's allegations, including that the Facility is a juvenile detention facility, and deny having breached the Agreement.

In addition to seeking operational funding for the Facility, the Tribe also seeks relief pursuant to the terms of the Agreement or subsequent amendments to the Agreement for Defendants' alleged failure to (i) notify the Tribe of and allocate to the Tribe FY 2006 end of year funds, (ii) provide the Tribe with a detailed pay cost analysis for the years 2003-2006, and (iii) award sufficient pay costs for FY 2006.  Defendants deny each allegation.

### B.  Statutory Basis for All Causes of Action and Defenses

Plaintiff bases its causes of action upon provisions of the Indian Self-Determination and Education Assistance Act, at 25 U.S.C. §§ 450m and 458ff(c),  and the Contract Dispute Act, at 41 U.S.C. § 605.

At this time, Defendants believe that their defenses will be based upon the common law of Federal contracts.  If Defendants determine that there are statutory bases that also support their defenses, Defendants reserve the right to rely upon those statutory bases.

### C.  Discovery Plan and Matters Discussed by the Parties Pursuant to LCvR 16.3(c)

Pursuant to LCvR 16.3(d), the parties hereby submit the following responses:

#### a.  Discovery Plan Outline

The parties believe that fact discovery, both written and by depositions, can be completed by September 24, 2007.

The Plaintiff believes that the following interim dates would be useful to the Court in structuring the discovery process:

> **i.** On or before May 25, 2007, initial round of written discovery requests served and deposition dates noted (30 days);

  ii. On or before June 25, 2007, initial round of written discovery requests answered (60 days);

  iii. On or before July 25, 2007, second round of written discovery requests served and initial depositions concluded (90 days);

  iv. On or before August 25, 2007, second round of written discovery requests answered (120 days).

Defendants do not consider these dates as limiting the timing of discovery requests and responses but as guidelines for estimating the length of time for discovery.

  **b. Parties' Positions on Matters Set Forth in LCvR 16.3(c)**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

  The parties agree that the issues of (i) the CDA claim for operational funding of the Facility, (ii) the allocation of end of year funds, and (iii) the preparation of the pay cost report may possibly be disposed of by summary judgment motion, but that fact discovery will be required in order to further determine the likelihood of such disposition. The parties are undecided at this time as to whether the issue of payment of sufficient pay costs may be decided by summary judgment. No dispositive motions have been filed and discovery should proceed with dispatch.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

  The parties agree that no other parties need be joined.

4

The parties agree that there is no present need to amend pleadings; however, each reserves the right to amend its pleading should further information become available that would support an amendment.

The parties agree that, after initial discovery, the parties may be able to agree upon some factual and legal issues.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not request that the case be assigned to a magistrate judge because the matters in large part turn on contract interpretation and the government-to-government relationship between the two parties.

**(4) Whether there is a realistic possibility of settling the case.**

The parties agree there is a realistic possibility of settling the case given the basic contract facts and law at issue but initial discovery may be necessary to enable an assessment of the benefits and risks of dispositive motions and trial in order to move the parties to settlement.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider: (i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other**

**practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

After consideration of all the requisite factors, both counsel have discussed ADR with their clients and believe that the case could possibly benefit from ADR after discovery has been completed and has informed the parties' further assessment of potential judicial resolution of the factual and legal issues remaining in dispute.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As mentioned above, the parties agree that this case may be resolved by summary judgment and may be a candidate for settlement or ADR efforts, but that discovery will be required before one or more such motions is appropriate. If, following discovery, the parties determine that settlement/ADR efforts should be pursued, and thereafter, the parties conclude that those efforts are unsuccessful, the parties agree that they may want to proceed by motions for summary judgment. Plaintiff believes that motions for summary judgment, if any, could be filed within 30 days of that conclusion and briefing upon such motions could be completed within 60 days thereafter. Defendants believe that, if settlement efforts are unsuccessful, the parties should not file simultaneous motions but should proceed by successive cross-motions for summary judgment with Plaintiff's motion filed within 30 days of the conclusion of settlement efforts and briefing completed within 75 days.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that the disclosures shall be made within fourteen (14) days after the Initial Scheduling Conference.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Discovery in the form of written interrogatories and requests for admission and the production of documents, and perhaps several depositions, are anticipated to conclude by September 24, 2007. Plaintiff believes that in the interest of judicial economy, the usual limit on the number of questions should be waived and the parties permitted to seek as much factual information as they can from the other in order to facilitate an early resolution of this case. Defendants believe that the usual limits provided by the Federal Rules of Civil Procedure should apply. The parties currently do not foresee a need for any protective orders.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that they cannot predict at this stage of the case, prior to any discovery, whether experts will be necessary.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this time, the parties agree that the matter should not be bifurcated.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff proposes that the pretrial conference be set for on or about March 15, 2008.  Defendants propose that the Court defer setting a date for the pretrial conference until the summary judgment motions are resolved.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Plaintiff believes the Court should set a firm trial date for April, 2008 at the Initial Scheduling Conference.  Defendants propose that the Court defer setting a firm trial date until the summary judgment motions are resolved.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None

    **c.  Proposed Scheduling Order**

See the attached proposed order.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        /s/ Philip Baker-Shenk

        PHILIP BAKER-SHENK (D.C. Bar #386662)
        Counsel for Red Lake Band of Chippewa Indians
        2099 Pennsylvania Avenue, N.W. Suite 100
        Washington, D.C. 20006
        202-955-3000
        Telefax:  202-955-5564
        philip.bakershenk@hklaw.com


        PETER KEISLER
        Assistant Attorney General

        /s/ Jeanne E. Davidson

        JEANNE E. DAVIDSON
        Director

| Of Counsel: | /s/ Reginald T. Blades, Jr. |
|---|---|
| JEFFREY A. TAYLOR | |
| United States Attorney | REGINALD T. BLADES, JR. |
| D.C. Bar #498610 | Senior Trial Counsel |
| RUDOLPH CONTRERAS | Louisiana Bar #03128 |
| Assistant United States Attorney | United States Department of Justice |
| D.C. Bar #434122 | Civil Division |
| KEITH MORGAN | Commercial Litigation Branch |
| Deputy Chief, Civil | 1100 L Street, N.W. |
| D.C. Bar #422655 | Room 12130 |
| Judiciary Center Building | Washington, D.C.  20005 |
| 555 Fourth St., N.W. | Telephone:  (202) 616 8257 |
| Room E4224 | Facsimile:  (202) 307-0972 |
| Washington, D.C.  20530 | reginald.blades@usdoj.gov |
| (202) 307-0372 | |

# 4492966_v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al. , )<br>)<br>Defendants. )<br>) | Civil Action No.<br>06-1826 (CKK) |

**[PROPOSED] SCHEDULING ORDER**

1)   The parties shall complete fact discovery by September 24, 2007.

2)   On or before October 5, 2007, the parties shall submit to the Court a joint status report indicating whether they desire to pursue settlement or ADR efforts. If the parties desire to pursue settlement or ADR efforts but such efforts prove unsuccessful, the parties shall submit a joint status report to that effect.

3)   The parties agree that the initial disclosures required by Rule 26(a)(1), F.R.Civ.P. shall be made within fourteen (14) days after the Initial Scheduling Conference.

It is so ordered, this ____ day of _____, 2007

_____
Judge Colleen Kollar-Kotelly
United States District Judge

# 4492970_v1