IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RED LAKE BAND OF CHIPPEWA INDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Civil Action No.<br>1:06CV01826 (CK-K) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE
IN SUPPORT OF
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to LcvR 7(h) and 56.1, the United States defendants respectfully submit the following statement of material facts as to which there is no genuine issue in support of their motion for summary judgment, which is filed simultaneously with this statement.

1. On January 14, 1997, pursuant to the Indian Self-Determination and Education Assistance Act, (ISDEAA), P.L. 93-638, 25 U.S.C. § 450 et seq. (1975), Red Lake entered into a Compact of Self Governance with the Secretary of the Interior, enabling Red Lake to plan, conduct, and administer programs and services to the extent as provided in the annual funding agreement applicable to such BIA [Bureau of Indian Affairs] program, service, function or activity. Pl. Ex. A.[1] See 25 U.S.C. § 458cc(b)(1).

---

[1] "Pl. Ex." refers to the exhibits attached to plaintiff's brief in support of its motion for summary judgment.

2. Under the Presidential Initiative on Law Enforcement in 2.Indian Country, Red Lake received a grant from the Department of Justice to construct a new correctional complex. Pl. Ex. G, H. Phase I of the correctional complex is a detention facility with separate wings for housing adults and juveniles. Id. Phase III of the correctional complex is a separate, smaller facility from which Red Lake could operate programs for juveniles. Id. For purposes of juvenile detention, Red Lake did not fully utilize the available (18) juvenile beds in the Phase I facility. See Pl. Ex. H.

3. On November 15, 2004, pursuant to the ISDEAA, the Director of the Department of Interior's Office of Self Governance (OSG), William Sinclair, upon behalf of the United States, executed a multi-year funding agreement for 2005-2010 with Red Lake.

4. Section 11 of the agreement provides:

All amounts identified in the Agreement are subject to Congressional action on appropriations and will be adjusted accordingly.

Pl. Ex. B at 3.

5. Section 17 of the agreement provides:

**Additional Funds** – If the Midwest Region Office of the BIA receives notice of the availability of <u>any</u> additional funding in any fiscal year for any purpose, including any unspent funds, that the Tribe is eligible to apply for or receive, then it must notify the Tribe as soon as possible about such funds so that the Tribe may access or apply for those funds. The Midwest Region Office <u>commits</u> to keeping the Tribe informed of the existence of funding immediately upon learning of its existence.

        Id. at 4 (emphasis in original).

6.     Footnote 25 to line item 177 in the reprogramming request attached to the agreement states, in pertinent part,

> The BIA agrees to assist the Tribe in obtaining $1,218,482 for operations funding for the Tribe['}s juvenile correction facility in CY 2005, and to request this amount in the next President['}s budget.

Id. at 13, n.25.

7.     On January 23, 2006, Ken Reinfeld, Acting Director, OSG, executed a multi-year funding agreement for 2005-2010 with Red Lake. Pl. Ex. L.

8.     Footnote 15 to line item 103 of the reprogramming request attached to the agreement states, in pertinent part,

> Further, the BIA and OSG agree to provide to the Tribe by April 1, 2006, a detailed Pay Costs analysis for the years 2003-2006, showing what the Tribe was eligible to receive each year based upon Pay Cost data the Tribe provided, the actual amount received, and the shortfall or unfunded amount.

Id. at 10.

9.     Red Lake does not claim to have made any effort to obtain funds for calendar year 2005 from any alternative sources, relying solely upon the Government.

10.    Red Lake did not receive funds for staffing or operating any programs from the facility in CY 2005 or FY 2006.

11.    Red Lake did not receive end of year funds distributed by the Midwest Region Office in 2006.

12. Red Lake did not receive a pay costs analysis.

13. On February 17, 2006, Red Lake submitted a certified claim under the Contract Disputes Act, 41 U.S.C. § 601, et seq.

14. By letter dated June 15, 2006, Mr. W. Patrick Ragsdale, then Director, Bureau of Indian Affairs, advised Red Lake that the present allocation for Red Lake law enforcement and detention services was as follows:

    Law Enforcement ..........$1,731777
    Detention Services .......$1,555,000
    Detention Facilities O&M ..$268,125

    Pl. Ex N at 1.  Mr. Ragsdale informed Red Lake further that, subject to enumerated conditions, Red Lake's funding allocation would increase annually by $275,000.  Id.  In response to Red Lake's claim that the multi-year funding agreement entitled Red Lake to further funds, Mr. Ragsdale explained,

    At this time we can not agree to your request for additional funding to provide for staffing and operations at the new detention facility.  It is not possible to provide this funding without decreasing allocations for other law enforcement operations nationwide which would adversely impact other tribes.

    Id at 2.

                                                      Respectfully submitted,

                                                     GREGORY G. KATSAS
                                                     Assistant Attorney General

                                                                    s/ Jeanne E. Davidson
                                                                    JEANNE E. DAVIDSON
                                                                    Director

| | |
|---|---|
| Of Counsel: | |
| JEFFREY A. TAYLOR | s/ Reginald T. Blades, Jr. |
| United States Attorney | REGINALD T. BLADES, Jr. |
| D.C. Bar #498610 | Senior Trial Counsel |
| RUDOLPH CONTRERAS | Louisiana Bar #03128 |
| Assistant United States Attorney | Department of Justice |
| D.C. Bar #434122 | Civil Division |
| KEITH MORGAN | Commercial Litigation Branch |
| Deputy Chief, Civil | 1100 L Street, N.W. |
| D.C. Bar#422655 | Room 12130 |
| Judiciary Center Building | Washington, D.C. 20005 |
| 555 Fourth St., N.W. | Telephone: (202) 616-8257 |
| Room E4224 | Facsimile: (202 307-0972 |
| Washington, D.C. 20530 | reginald.blades@usdoj.gov |
| (202) 307-0372. | |
| | |
| July 18, 2008 | Attorneys for Defendants |

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 18th day of July, 2008, I caused to be placed in the United States mail (first-class mail, postage prepaid) a copy of "DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT" addressed as follows:

>   Philip Baker-Shenk, Esquire
>   Holland & Knight LLP
>   2099 Pennsylvania Avenue, NW
>   Washington, D.C.   20006
>   Telephone :  (202) 955-3000


    s/ Reginald T. Blades, Jr.