IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
RED LAKE BAND OF CHIPPEWA INDIANS,     )
                                       )
          Plaintiff,                   )
                                       )
          v.                           )          Civil Action No.
                                       )          1:06CV01826 (CK-K)
UNITED STATES OF AMERICA, et al.,      )
                                       )
          Defendants.                  )
_____)

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

                              Respectfully submitted,

                              GREGORY G. KATSAS
                              Assistant Attorney General

                              JEANNE E. DAVIDSON
                              Director

Of Counsel:
JEFFREY A. TAYLOR
United States Attorney              REGINALD T. BLADES, Jr.
D.C. Bar #498610                    Assistant Director
RUDOLPH CONTRERAS                   Louisiana Bar #03128
Assistant United States Attorney    Department of Justice
D.C. Bar #434122                    Civil Division
KEITH MORGAN                        Commercial Litigation Branch
Deputy Chief, Civil                 1100 L Street, N.W.
D.C. Bar#422655                     Room 12130
Judiciary Center Building           Washington, D.C. 20005
555 Fourth St., N.W.                Telephone:  (202) 616-8257
Room E4224                          Facsimile: (202 307-0972
Washington, D.C. 20530              reginald.blades@usdoj.gov
(202) 307-0372.

August 22, 2008                     Attorneys for Defendants

## TABLE OF CONTENTS

Page

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR
SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      Interior Did Not Promise To Pay Funds To Red Lake . . . . . . . . . . . . . . . . . . . . 2

II.     Interior Did Not Possess Authority To Make A Request In
        The President's Budget . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    Payment To Red Lake Would Deprive Other Tribes Of Funds . . . . . . . . . . . . . . 6

IV.     Red Lake Has Not Demonstrated Any Injury . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.      Red Lake Is Not Entitled To 2006 End Of Year Funds . . . . . . . . . . . . . . . . . . . . 9

VI.     The Pay Costs Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TABLE OF AUTHORITIES

Page

<u>CASES</u>

Bath Iron Works Corporation v. United States,
    34 Fed. Cl. 218 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bloor v. Falstaff,
    454 F. Supp. 258 (S.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cherokee Nation of Oklahoma v. Levitt,
    543 U.S. 631 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

City of El Centro v. United States,
    922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cosmo Construction Co. v. United States,
    196 Ct. Cl. 463, 451 F.2d 602 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Designer Direst, Inc. v. DeForest Development Authority,
    313 F.3d 1036 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Essen Mall Properties v. United States,
    21 Cl. Ct. 430 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Crop Ins. Corp. v. Merrill,
    332 U.S. 380 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Flexfab, L.L.C. v. United States,
    424 F.3d 1254 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Great Atlantic & Pacific Tea Company, Inc. v. Atchison, Topeka, and Santa Fe Railway
Company,
    224 F. Supp. 903 (ND Ill. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Ingersoll-Rand Co. v. United States,
    780 F.2d 74 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LaBarge Products, Inc. v. West,
    46 F.3d 1547 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TABLE OF AUTHORITIES (cont'd)

Page

CASES (cont'd)

Mira v. Nuclear Measurement Corp.,
    107 F. 3d. 466 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Monarch Assurance P.L.C. v. United States,
    244 F.3d 1356 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PCL Construction Services, Inc. v. United States,
    41 Fed. Cl. 242 (1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pierce v. Ramsey Winch Company,
    753 F. 2d. 416 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Washington Metropolitan Area Transit Authority v. Mergentime Corp.,
    626 F.2d 959 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


STATUTES

25 U.S.C. § 450j-1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25 U.S.C. § 450m-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25 U.S.C. § 458ff(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


RULES

Fed. R. Civ. P. 56  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LcvR 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LcvR 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF AUTHORITIES (cont'd)

Page

OTHER AUTHORITIES

Black's Law Dictionary, Revised Fourth Edition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Merriam-Webster's Collegiate Dictionary, 10th ed. (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|                                              |   |                                      |
|----------------------------------------------|---|--------------------------------------|
| RED LAKE BAND OF CHIPPEWA INDIANS,           | ) |                                      |
|                                              | ) |                                      |
| Plaintiff,                                   | ) |                                      |
|                                              | ) |                                      |
| v.                                           | ) | Civil Action No.                     |
|                                              | ) | 1:06CV01826 (CK-K)                   |
| UNITED STATES OF AMERICA, et al.,            | ) |                                      |
|                                              | ) |                                      |
| Defendants.                                  | ) |                                      |

---

**DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LcvR 7 and 56.1, we respectfully submit this reply to plaintiff's opposition to defendants' cross motion for summary judgment. Because there is no genuine issue as to any material fact and the United States defendants are entitled to judgment as a matter of law, we respectfully request the Court to enter summary judgment in favor of the United States defendants. We respectfully request also that the Court deny plaintiff's motion for summary judgment.

As we demonstrated in our moving brief, the Department of Interior did not promise to pay any funds to plaintiff, Red Lake Band of Chippewa Indians (Red Lake). Interior promised only to assist Red Lake in finding funds and to request funds "in the next President's budget." As to the first promise, although Interior promised only to assist Red Lake to obtain funding from alternative sources, Red Lake made no effort to attempt to obtain funds, relying entirely upon the Government. As to the second promise, no one with whom Red Lake dealt, no one that signed the agreements on behalf of Interior, had authority to include any amount in the President's budget. Moreover, any potential Interior obligation to provide funds was subject to

the availability of appropriations, and Interior was not required to provide funds if, as it

concluded was the case, providing funds to Red Lake would have an adverse affect upon funding

for other tribes.  In any event, other than claiming entitlement to the funds, Red Lake claims no

damage as a result of not obtaining the allegedly promised funds.

I.      **Interior Did Not Promise To Pay Funds To Red Lake**

         In its claim submitted to the contracting officer, in its complaint filed in this Court, and in

its brief in support of its motion for summary judgment, Red Lake bases its claim upon the

language of footnote 25 to line item 177 in the 2005 reprogramming request, which states, in

pertinent part,

> The BIA [Bureau of Indian Affairs] agrees to assist the Tribe in
> obtaining $1,218,482 for operations funding for the Tribe[']s
> juvenile correction facility in CY 2005, and to request this amount
> in the next President[']s budget.

Pl. Ex. B, at 13, n.25.[1]  In its opposition to defendants' cross motion for summary judgment,

however, Red Lake faults defendants for relying upon this language to examine and to analyze

the respective obligations of the parties.  Red Lake August 5, 2008 Reply Brief at 2-5.

         Red Lake argues, contradicting all previous expressions of its claim and inconsistently

within its reply brief arguments, that Interior was obligated to provide funds irrespective of the

language of the footnote because the multi-year funding agreement provides that, subject to

congressional action, Interior will make funds available to Red Lake in accordance with the

reprogramming request.  Red Lake, thus, attempts to argue, simultaneously, that the language of

the footnote has no bearing upon Interior's alleged obligations to provide funds but that Interior

---

         [1]  "Pl. Ex." refers to the exhibits attached to plaintiff's brief in support of its motion for
summary judgment.

is liable for failing to fulfill the alleged promises of funding made in the footnote.  Red Lake's argument is obviously flawed.

The only reasonable interpretation of the multi-year funding agreement and its associated reprogramming request is to read the two together, including the footnote, and to understand that the footnote qualifies the line item amount to which it is attached, that is,  line 177 of the reprogramming request.  See Pl. Ex. B at 9, line 177, indicating fn. 25.  Interior did not promise to make available the funds indicated on line 177 without regard to the qualifying language of footnote 25.  This is entirely consistent with the language of section 5 of the multi-year funding agreement upon which Red Lake relies:  "Subject only to Congressional action and the terms of this Agreement, the Secretary shall make available to the Tribe the total amount of funds negotiated as they are identified in the attached REPROGRAMMING REQUEST for Calendar Year 2005."

As Red Lake argues, Red Lake Reply Brief at 2, citing Washington Metropolitan Area Transit Authority v. Mergentime Corp., 626 F.2d 959, 961 (D.C. Cir. 1980), the contract must be construed as a whole.  Red Lake's arguments, however, make the footnote language, alternatively, meaningless or the basis of its claim.  The language should not be construed as meaningless, id. ("the Court should construe the contract as a whole so as to give meaning to all of the express terms"), and as we demonstrated in our moving brief, the language of the footnote does not support Red Lake's claim.

Moreover, the disingenuousness of Red Lake's current argument is underscored by Red Lake's observation that the Government negotiator "could have simply committed the Department to provide [the funds]."  Red Lake Reply Brief at 5.  Red Lake's observation reveals

that Red Lake understands that although Interior "could have" agreed to provide funds, Interior, in fact, did not agree to provide funds.

Next, Red Lake argues that the agreement was actually a "best efforts" contract. Red Lake Reply Brief at 4. "Best efforts" is a term that takes its meaning from the circumstances, taking into account "capability" or the opportunities available to, and the abilities of, the promisor. E.g., Bloor v. Falstaff, 454 F. Supp. 258, 266-67 (S.D.N.Y. 1978). That is, "best efforts" obligates the promisor to perform in good faith to the extent of his total capabilities. Id. at 267. In this case, Interior did not agree to provide funds; Interior agreed to assist Red Lake in obtaining funds and to request funds in "the next President's budget." Interior did not promise to maintain any level of funding and did not guarantee any specific result of efforts to assist in obtaining or to request funds.

As we demonstrated in our moving brief, in this context, "assist" means to give support or aid, indicating a secondary role of assistance in cooperation with the primary actor. Merriam-Webster's Collegiate Dictionary, 10th ed. (1999) ("another surgeon assisted on the operation"). In other words, Interior was to assist Red Lake in Red Lake's efforts to obtain funds. Red Lake, however, does not claim to have made any effort to obtain funds, much less any effort in which Interior did not assist or could have assisted. Similarly, "request" means to ask for, usually as a favor or a privilege, indicating no promise that the request will be granted or that the requestor will receive that which was requested. Id. ("requests to be excused" or "requested a brief delay"). Red Lake misconstrues the language "to assist" and "to request" to mean that Interior would provide funding. The only new argument that Red Lake offers to support this misinterpretation is the idea that the agreement should be read to impose a best efforts

-4-

requirement upon Interior.  Imposing such a requirement, however, does not provide license to

disregard the plain language of the agreement, which does not include a promise to pay funds.

## II.     Interior Did Not Possess Authority To Make A Request In The President's Budget

Red Lake attempts to show that the Interior negotiator had authority to promise to include

a request in the next President's budget.  Red Lake Reply Brief at 5-7.  As we demonstrated in

our moving brief, however, no one at Interior, not even the Secretary, has authority to include a

specific request in the President's budget, which, in any event, is subject to change by Congress.

That the Interior negotiator may not have been aware of the limitation upon his authority cannot

create an obligation in the Government.  As we demonstrated in our moving brief, contracts

entered into by Government personnel who lack authority to bind the Government are

unenforceable.  City of El Centro v. United States, 922 F.2d 816, 820-21 (Fed. Cir. 1990); see

also Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1263 (Fed. Cir. 2005) ("Surely the

assurances from a government agent, having no authority to give them, cannot expose the

government to risk of suit for the nonperformance of an obligation that it did not intentionally

accept.").  When a Federal employee exceeds his or her authority, the Government can "disavow

the [agent's] words and is not bound by an implied contract."  Essen Mall Properties v. United

States, 21 Cl. Ct. 430, 445 (1990). The United States Court of Appeals for the Federal Circuit

has explained the rationale for this rule as follows:

> The United States Government employs close to three
> million civilian employees.  If all Government employees could, of
> their own volition, enter into contracts obligating the Government,
> then federal expenditures would be wholly uncontrollable.

Monarch Assurance P.L.C. v. United States, 244 F.3d 1356, 1360 (Fed. Cir. 2001) (footnote

omitted).  Moreover, the Supreme Court has made clear that "anyone entering into an

arrangement with the Government takes the risk of having accurately ascertained that he who

purports to act for the Government stays within the bounds of his authority" even if "the agent

himself may have been unaware of the limitations upon his authority."  Federal Crop Ins. Corp.

v. Merrill, 332 U.S. 380, 384 (1947).

## III.    Payment To Red Lake Would Deprive Other Tribes Of Funds

        Similarly, Red Lake's reliance upon Cherokee Nation of Oklahoma v. Levitt, 543 U.S.

631 (2005), and related cases, is misplaced.  As we demonstrated in our moving brief, section 11

of the multi-year funding agreement provides, "All amounts identified in this Agreement are

subject to Congressional action on appropriations and will be adjusted accordingly."  Pl. Ex. B at

4.  Moreover, 25 U.S.C. § 450j-1(b) provides,

> Notwithstanding any other provision in this subchapter, the
> provision of funds under this subchapter is subject to the
> availability of appropriations and the Secretary is not required to
> reduce funding for programs, projects, or activities serving a tribe
> to make funds available to another tribe or tribal organization
> under this subchapter.

See also 25 U.S.C. § 458ff(a).

        In Cherokee Nation, the Court premised its analysis upon the following facts:

> The Government does not deny that it promised to pay the relevant
> contract support costs. . . .  The Government in effect concedes yet
> more.  It does not deny that, *were these contracts ordinary
> procurement contracts*, its promises to pay would be legally
> binding.

Id. at 636 (emphasis in original).  In this case, however, as we have demonstrated, the

Government made no promise to pay.  The Supreme Court's analysis of the application of the

"subject to availability of appropriations" exceptions in multi-year funding agreements and in the

statute is, therefore, inapposite in this case in which there is no promise to pay.  The Court

should, therefore, find that, in the absence of a promise to pay, the "subject to availability of appropriations" exceptions in the agreement and in the statute, relieved Interior of any potential obligation to pay Red Lake. In the absence of a promise to pay, the Court should not engage in second-guessing Interior's administration of its budget.

## IV.    <u>Red Lake Has Not Demonstrated Any Injury</u>

Finally, as to the alleged obligations contained in footnote 25, Red Lake attempts to argue that it has been injured as a result of not receiving funds. Red Lake Reply Brief at 8-10. Red Lake argues only expectation damages, conceding, as we demonstrated in our moving brief, that it incurred no reliance or restitution damages. As we demonstrated in our moving brief, however, any damages would be, necessarily, reliance or restitution damages. Any expectation interest in lost profits is not at issue, and in light of the fact that there was no promise to pay any amount to Red Lake, Red Lake could not have possessed any reasonable expectation of receiving any particular amount or any amount at all, especially considering that Red Lake had not received the claimed funding in any prior year. Further, Red Lake has not demonstrated that any different action by Interior would have resulted in Red Lake obtaining any funds. As we have demonstrated, Interior made no promise to provide funds, only to assist in obtaining and to make a request for funds, and Interior made no promise that the result of any assistance or request would be that funds would be obtained or provided. Red Lake, therefore, could not have reasonably expected to receive any particular amount of funds or any funds at all.

Moreover, failure to prove harm or the existence of injury as part of entitlement leads to a failure of plaintiff's cause of action. <u>See</u> <u>Bath Iron Works Corporation v. United States</u>, 34 Fed. Cl. 218, 231-232 (1995). In <u>Cosmo Construction Co. v. United States</u>, 196 Ct. Cl. 463, 451 F.2d

602 (1971), the Court of Claims gave clear articulation of this concept when it employed the Latin phrase, injuria absque damnum, meaning, injury or wrong without damage: "A wrong done, but from which no loss or damage results, and which, therefore, will not sustain an action." Black's Law Dictionary, Revised Fourth Edition. The idea that a wrong without injury will not sustain a cause of action is a common legal precept that applies to divergent fields of law from Employment Retirement Income Security Act cases, see, e.g., Mira v. Nuclear Measurement Corp., 107 F. 3d. 466 (7th Cir. 1997); to antitrust cases, see, e.g., Pierce v. Ramsey Winch Company, 753 F. 2d. 416 (5th Cir. 1985); to routine commercial cases, see, e.g., Great Atlantic & Pacific Tea Company, Inc. v. Atchison, Topeka, and Santa Fe Railway Company, 224 F. Supp. 903 (ND Ill. 1964).

    This general rule that a wrong without damage will not support a cause of action applies as well to the Government's conduct. For example, in LaBarge Products, Inc. v. West, 46 F.3d 1547, 1557 (Fed. Cir. 1995), the court of appeals required a showing of harm when the contractor's prices were leaked to competitors. After the contract was completed, the contractor sought reformation to increase the contract price. The Court held, "Even though the [price] disclosures to [a competitor] clearly violated the [Federal Acquisition Regulation] FAR . . . LaBarge was not harmed by the disclosures in any concrete way contemplated by the FAR and, therefore, is not entitled to relief." See also PCL Construction Services, Inc. v. United States, 41 Fed. Cl. 242 (1998) (plaintiff could not demonstrate prejudice from use of the "subject to availability of funds" clause in completed contract even if the clause was not authorized for use in the contract in question).

    Because Red Lake asserts as "damages" only its failure to receive funds that Interior

-8-

never promised to provide, Red Lake has failed to demonstrate the requisite injury to support its claim.

In any event, the Government has provided Red Lake with new construction correctional facilities,  Pl. Ex. G, H, and Interior provides Red Lake with funding for operating the Phase I facility of the new correctional complex.  <u>See</u> Pl. Ex. N.   Phase I of the new correctional complex is a detention facility with separate wings for housing adults and juveniles.  <u>Id</u>.  For purposes of juvenile detention, Red Lake did not fully utilize the 18 beds available  for juveniles in the Phase I facility.  Pl. Ex. H.   Red Lake is not without facilities or funding for juvenile detention.

**V.     <u>Red Lake Is Not Entitled To 2006 End Of Year Funds</u>**

Red Lake addresses end-of-year funds at pages10-11 of its reply brief.  As we demonstrated in our moving brief, Section 17 of the multi-year funding agreement provides:

> **Additional Funds** – If the Midwest Region Office of the BIA receives notice of the availability of <u>any</u> additional funding in any fiscal year for any purpose, including any unspent funds, that the Tribe is eligible to apply for or receive, then it must notify the Tribe as soon as possible about such funds so that the Tribe may access or apply for those funds.  The Midwest Region Office <u>commits</u> to keeping the Tribe informed of the existence of funding immediately upon learning of its existence.

Pl. Ex. B, at 4 (emphasis in original).  Interior did not breach a promise that the Midwest Regional Office would notify Red Lake of any additional funding for which Red Lake was eligible to apply.  The Bureau of Indian Affairs, central office, decided to distribute the contested funds to only the Title I, P.L. 93-638 contract tribes, and not the self-governance tribes, like Red Lake, because "the money had to be obligated within a very short period of time and the Bureau's mechanism through the Office of Self Governance could not mechanically do that."  Pl.

Ex. K (Ragsdale Depo. at p. 64, ll. 1-7); see also Def. Ex. A (Virden Depo. at p. 12, l. 17).[2]  The

Midwest Regional Office could not alter this decision by the Bureau's central office and,

therefore, had no reason to notify Red Lake that the funds were to be distributed to only Title I

tribes.  Id. ( Virden Depo at p. 11, l. 24 to p. 12, l. 13).  Moreover, Red Lake would have been, at

best, eligible only to apply for the funds.  Interior had not promised that Red Lake would receive

any funds.  In light of the central office's determination that there was not time before the funds

would have expired to include self-governance tribes in the distribution, Red Lake would not

have, in fact, been awarded any funds.

## VI.    The Pay Costs Report

Red Lake improperly asserts that specific performance is available against the

Government such that the Court may require Interior to produce a pay costs report that satisfies

Red Lake.  Red Lake Reply Brief at 12-13.  As we demonstrated in our moving brief, however,

no court possess jurisdiction to award specific performance of a contract with the United States.

Ingersoll-Rand Co. v. United States, 780 F.2d 74, 80 (D.C. Cir. 1985).  "An action seeking

specific performance, rather than damages, against a government official is an action against the

sovereign and is not maintainable unless consented to."  Designer Direst, Inc. v. DeForest

Development Authority, 313 F.3d 1036 (7th Cir. 2002).

Red Lake's reliance upon legislative history associated with 25 U.S.C. § 450m-1(a) is

misplaced.   The statute authorizes injunctive relief for violations of the Act and to fund

contracts.  The statute does not provide authority for a court to award specific performance of a

---

[2] "Def. Ex." refers to the exhibit appended to defendants' July 18, 2008 cross motion for
summary judgment.

contract with the United States in circumstances not expressly provided by the statute. A snippet of legislative history cannot alter the express language of the statute, which, in this case, does not provide the Court with authority to grant the specific performance relief that Red Lake requests.

Moreover, Red Lake cannot demonstrate any contract damages for its failure to receive the pay costs report at the designated time. Any claim Red Lake may raise concerning payment of pay costs is not contractual but, if anything, statutory, subject to review pursuant to the Administrative Procedure Act, under which money damages are not available.

### CONCLUSION

For these reasons and the reasons provided in our moving brief, we respectfully request the Court to grant summary judgment in favor of the United States, deny summary judgment for Red Lake, and dismiss the complaint with prejudice.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General


s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

Of Counsel:

| | |
|---|---|
| JEFFREY A. TAYLOR | s/ Reginald T. Blades, Jr. |
| United States Attorney | REGINALD T. BLADES, Jr. |
| D.C. Bar #498610 | Assistant Director |
| RUDOLPH CONTRERAS | Louisiana Bar #03128 |
| Assistant United States Attorney | Department of Justice |
| D.C. Bar #434122 | Civil Division |
| KEITH MORGAN | Commercial Litigation Branch |
| Deputy Chief, Civil | 1100 L Street, N.W. |
| D.C. Bar#422655 | Room 12130 |
| Judiciary Center Building | Washington, D.C. 20005 |
| 555 Fourth St., N.W. | Telephone: (202) 616-8257 |
| Room E4224 | Facsimile: (202 307-0972 |
| Washington, D.C. 20530 | reginald.blades@usdoj.gov |
| (202) 307-0372. | |
| | |
| August 22, 2008 | Attorneys for Defendants |

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 22nd day of August, 2008, I caused to be

placed in the United States mail (first-class mail, postage prepaid) a copy of "DEFENDANTS'

REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY

JUDGMENT" addressed as follows:

> Philip Baker-Shenk, Esquire
> Holland & Knight LLP
> 2099 Pennsylvania Avenue, NW
> Washington, D.C.   20006
> Telephone :  (202) 955-3000

    s/ Reginald T. Blades, Jr.